UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CABDI ADAN,

<em>Petitioner,</em>

v.

JOHN ASHCROFT, U.S. Attorney
General,

<em>Respondent.</em>

No. 02-2358

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A77-008-704)

Submitted: July 31, 2003

Decided: September 10, 2003

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**COUNSEL**

James A. Roberts, LAW OFFICES OF JAMES A. ROBERTS, Falls
Church, Virginia, for Petitioner. Robert D. McCallum, Jr., Assistant
Attorney General, Terri J. Scadron, Assistant Director, Efthimia S.
Pilitsis, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Cabdi Adan, a native and citizen of Somalia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's order denying his applications for asylum and withholding of removal. For the reasons discussed below, we deny the petition for review.

Adan first claims that the Board erred in affirming the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). We have reviewed Adan's challenges to the Board's use of this streamlined procedure and find them to be without merit. *See Falcon Carriche v. Ashcroft*, ___ F.3d ___, 2003 WL 21639040, *1 (9th Cir. July 14, 2003); *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003); *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003); *see also Khattak v. Ashcroft*, 332 F.3d 250, 253 (4th Cir. 2003) (rejecting a challenge to the Board's summary affirmance procedure on retroactivity grounds and concluding that "allowing summary opinions in clear cases is nothing more than a procedural change that does not affect substantive rights"). We further find that summary affirmance was appropriate in this case under the factors set forth in § 1003.1(a)(7)(ii).

Next, Adan challenges the immigration judge's finding that he failed to demonstrate that he suffered past persecution or that he possesses a well-founded fear of future persecution on account of a protected ground. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We conclude that the

record supports the immigration judge's conclusion that Adan failed to establish his eligibility for asylum on a protected ground. *See* 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish his eligibility for asylum); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (holding that the alien must show "that the record compels the conclusion that he has a 'well-founded fear' that the guerrillas will persecute him *because of* [his] political opinion [or membership in a social group], rather than because of his refusal to fight with them") (emphasis in original). As the decision in this case is not manifestly contrary to law, we cannot grant the relief that Adan seeks.

Additionally, we uphold the immigration judge's denial of Adan's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Because Adan fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*